J-A09026-16

2016 PA Super 253

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON ROBERT RANDOLPH | |
| Appellant | No. 1246 MDA 2015 |

Appeal from the Judgment of Sentence July 14, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000594-2013

BEFORE:  FORD ELLIOTT, P.J.E., JENKINS, J., and PLATT, J.[*]

CONCURRING AND DISSENTING STATEMENT BY PLATT, J.:

**FILED NOVEMBER 16, 2016**

I respectfully concur in part and dissent in part.

I concur in the learned Majority's conclusion that Corporal Hanlon obtained valid consent from Appellant to search the vehicle at the scene of the traffic stop.  However, I respectfully dissent from the Majority's conclusion that Corporal Hanlon's affidavit in support of the application for a search warrant did not establish probable cause.  Instead, I would conclude that the allegations contained within the four corners of the affidavit sufficiently established probable cause, in particular, that the steel box welded to the undercarriage of the van would contain contraband or

---

[*] Retired Senior Judge assigned to the Superior Court.

evidence of a crime. In my view, the trial court properly denied the motion to suppress. Therefore, I would affirm the judgment of sentence.

Our standard of review for a challenge to a suppression court's denial of a motion to suppress is "limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010).

> Pursuant to the "totality of the circumstances" test set forth by the United States Supreme Court in [*Illinois v. *]*Gates*[, 462 U.S. 213 (1983)], the task of an issuing authority is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. . . .

*Id.* at 655 (one citation omitted).

Here, the affidavit of probable cause states that Appellant and his passenger gave inconsistent answers concerning where they were going; multiple cell phones were ringing in the vehicle; there was no luggage in the vehicle and all of the rear seats had been removed; and officers observed an aftermarket welded box on the undercarriage of the vehicle that did not match the remainder of the undercarriage. In my view, the Majority's focus on the level of detail in the recitation of Corporal Hanlon's training, knowledge, and experience misses the big picture, and reweighs the evidence before the suppression court. I would conclude that given the totality of these circumstances, as set forth in the affidavit, the suppression

- 2 -

court's finding that probable cause existed that contraband or evidence of a crime would be found in the steel box welded to the underside of the van was supported by the record. **See id.** at 654-55.

Furthermore, I am constrained to disagree with the Majority's argument that Corporal Hanlon was **required** to demonstrate a fact-specific nexus between his experience and probable cause for the search. Such analysis exceeds the scope of our review and attempts to re-weigh rather than review the suppression court's determination. **See Commonwealth v. Thompson**, 985 A.2d 928, 935 (Pa. 2009) (holding that a police officer's experience may be regarded as **a** relevant factor, and reasoning that "[t]he very foundation of the **Gates** totality test is the recognition that **all** relevant factors go into the probable cause mix.") (emphasis added); **see also Jones**, **supra** at 654. In my opinion, the trial court properly denied the motion to suppress.

Therefore, I respectfully concur in part and dissent in part.